UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO B. GONZALES,

                         Plaintiff,

v.                                                 Case No. 23-cv-723-pp

KAY SCHOREDER and KELLIE KESLER,

                         Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

---

Plaintiff Antonio B. Gonzales, who is incarcerated at the Columbia Correctional Institution and who is representing himself, filed a complaint, dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. Under the Prison Litigation Reform Act (PLRA), an incarcerated person may not bring a civil lawsuit or appeal a civil judgment without prepaying the filing fee:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Strikes include any lawsuit dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. Evans v. Ill. Dep't of Corr., 150 F.3d 810, 811 (7th Cir. 1998) (citing Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996)).

1

Court records show that the plaintiff has accumulated three strikes: (1) Gonzalez v. Auth, Case No. 15-cv-464-JPS (E.D. Wis.), dismissed on June 30, 2015 for failure to state a claim; (2) Gonzales v. Dep't of Health Servs., Case No. 15-cv-465-JPS (E.D. Wis.), dismissed on June 30, 2015 for failure to state a claim; and (3) Gonzales v. Zinn, Case No. 15-cv-598-JPS (E.D. Wis.), dismissed on July 23, 2015 for failure to state a claim. Because the plaintiff previously has filed at least three lawsuits that were dismissed for failure to state a claim, the court must deny his motion for leave to proceed without prepaying the filing fee unless he is under imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time he files the complaint, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice" to show imminent danger. Id. at 330 (citing Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003)). Generally, courts "deny leave to proceed [without prepaying filing fee] when a prisoner's claims of imminent danger are conclusory or ridiculous." Id. at 331 (citing Heimerman, 337 F.3d at 782).

The complaint alleges that on June 30, 2022, the defendants told the plaintiff that he was worthless and should kill himself, and that they started to laugh at him. Dkt. No. 1 at 2. According to the complaint, at least one of the

defendants works for Corporate Guardians in Two Rivers, Wisconsin, and the incident described in the complaint may have taken place at "Vistacare." Id. at 1-2. (The plaintiff's penmanship and spelling make it difficult to comprehend all his words.) The plaintiff's allegations do not meet the imminent danger requirement because he does not allege that he is currently at risk of serious physical injury. Thus, the court will deny the plaintiff's motion for leave to proceed without prepaying the filing fee.

If the plaintiff wants to proceed with this case, he must pay the full civil filing fee of $402 (the sum of the $350 filing fee and the $52 administrative fee) by the deadline set below. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000); 7th Circuit Rule 3(b). The court will dismiss this case if the plaintiff does not pay the full filing fee by the deadline. If the court receives the full filing fee by the deadline, the court will screen the complaint under 28 U.S.C. §1915A.

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff must send to the Clerk of Court the sum of $402 as the full filing fee in this case by the end of the day on **July 5, 2023**. This means that the plaintiff must send the payment in time for the court to receive it by the end of the day on July 5, 2023. The payment must clearly identify the case name and number assigned to this case. The court **ORDERS** that if the court has not received the full filing fee by the end of the

3

day on July 5, 2023, it will dismiss the case for the plaintiff's failure to comply with this order.

Dated in Milwaukee, Wisconsin this 14th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**