UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO B. GONZALES,

                      Plaintiff,

v.                                                             Case No. 23-cv-723-pp

KAY SCHOREDER
and KELLIE KESLER,

                      Defendants.

---

## ORDER DISMISSING CASE FOR FAILURE TO PAY FILING FEE AND FAILING TO COMPLY WITH COURT ORDER

---

On June 6, 2023, the plaintiff filed a complaint alleging that the defendants violated his constitutional rights. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

On June 14, 2023, the court issued an order denying the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5. The order noted that the plaintiff had accumulated three "strikes"—that is, he had had three previous cases dismissed for failure to state a claim—and that under 28 U.S.C. §1915(g) he could not proceed without prepaying the filing fee unless he demonstrated that he was in imminent danger of serious physical injury. Id. at 1-2. The court concluded that the plaintiff had not made that showing. Id. at 2-3. The court ordered that the plaintiff must pay the full filing fee of $402 in time for the court to receive it by day's end on July 5, 2023. Id. at 3. The order advised the plaintiff that if the court did not receive the filing fee by the end of the day on July 5, 2023, the court would dismiss the case. Id. at 3-4.

1

Six days later, on June 20, 2023, the court received from the plaintiff a motion asking the court for a "federal order" requiring Columbia Correctional Institution, where he is incarcerated, to provide him a legal loan. Dkt. No. 6. The plaintiff stated that he had no money and that he owed money to the institution. Id. The plaintiff also filed a copy of his trust account statement from May 2023, which showed a balance of $0.00 in his regular account and $3.18 in his release account. Id. On June 23, 2023, the court denied the motion, explaining that the court did not have the authority to order a prison to lend an incarcerated person money to pay a filing fee. Dkt. No. 8. The court did not extend July 5, 2023 deadline by which the plaintiff was to pay the filing fee, and the plaintiff did not request an extension.

July 5, 2023 has come and gone and the court has not received the filing fee. The court will dismiss the case without prejudice. "The law requires any prisoner who brings a civil action to pay the full filing fee." 28 U.S.C. §1915(b)(1). The court will order collection of the filing fee in accordance with 28 U.S.C. §1915(b).

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff failed to pay the filing fee by the deadline set by the court and failed to comply with the court's order. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$402** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal

to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Columbia Correctional Institution.

Dated in Milwaukee, Wisconsin this 11th day of July, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:23-cv-00723-PP   Filed 07/11/23   Page 3 of 3   Document 9